RECEIVED
AUG 19 2015
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE, LOUISIANA

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

| | |
|---|---|
| Heitman | Civil Action No. 14-2875(Lead) |
| | Civil Action No. 14-2876(Member) |
| versus | Judge Richard T. Haik, Sr. |
| Sunbeam Products, Inc., et al | Magistrate Judge C. Michael Hill |

## MEMORANDUM RULING

Before the Court is (1) Southern Farm Bureau Mutual Insurance Company's ("Southern Farm Bureau") Motion For Leave To Amend [Rec. Doc. 19], and Sunbeam Products Inc.'s ("Sunbeam") Memorandum in Opposition thereto [Rec. Doc. 26]; (2) Sunbeam's Motion For Summary Judgment to dismiss Southern Farm Bureau [Rec. Doc. 22]; and (3) Louisiana Farm Bureau Mutual Insurance Company's ("Louisiana Farm Bureau") opposed Motion For Leave to Intervene [Rec. Doc. 27], Supplemental Motion To Intervene [Rec. Doc. 30], and Sunbeam's Memorandum in Opposition [Rec. Doc. 33]. For the reasons that follow, the Court will deny Southern Farm Bureau's Motion To Amend, grant Sunbeam's Motion For Summary Judgment and grant Louisiana Farm Bureau's Motion To Intervene.

*Background*

Katherine Schwing Heitman ("Heitman") originally filed this action against Sunbeam on August 29, 2014 in the Sixteenth Judicial District Court, Iberia Parish, Louisiana. *R. 1*. Heitman alleged that the September 2, 2013 fire which damaged her home was caused by an electric blanket manufactured by Sunbeam. On August 29, 2014, Southern Farm Bureau filed a separate petition for subrogation against Sunbeam as the insured of Heitman, *Southern Farm Bureau Mutual Insurance Company v. Sunbeam Products, Inc.,* 14-cv-2876 ("Member case"). *Member case, R.1* Sunbeam removed both actions to this Court on October 6, 2014. *R.1; Member case, R.1*

*Legal Analysis*

*1. Southern Farm Bureau's Motion to Amend the Petition*

In its Motion For Leave To Amend Petition in the Member case, Southern Farm Bureau states that it "neither issued any insurance policy to Mr. Heitman, nor made any payment to or on behalf of Mrs Heitman ... with respect to the alleged fire." *R. 19-2*. Southern Farm Bureau represents that the parties learned "during the recent 30(b)(6) deposition of Farm Bureau" that Heitman's homeowner's insurance policy was actually issued by Louisiana Farm Bureau, another member of the Farm Bureau family of companies. *Id.* Southern Farm Bureau moves for leave to amend its petition to change the party-plaintiff from Southern Farm Bureau to Louisiana Farm Bureau.[1] *Id.*

Sunbeam opposes the amendment asserting that because Southern Farm Bureau is not the subrogee of Heitman and has no connection to this case, it lacks standing to bring this claim, and therefore, has failed to allege a cause of action. In support, Sunbeam cites *Summit Office Park, Inc. v. United States Steel Corp.*, 639 F.2d 1278, 1282 (5th Cir. 1981), in which the Fifth Circuit held that "where a plaintiff never had standing to assert a claim against the defendants, it does not have standing to amend the complaint and control the litigation by substituting new plaintiffs." In *Summit*, a decision by the United States Supreme Court left plaintiff without a valid cause of action. The court held, "There was no way in which the plaintiff could properly amend the complaint to give it a cause of action. Plaintiff had no identity of interest with either the new proposed plaintiffs, or the new class ... or their cause of action." *Id.* at 1282.

Sunbeam also cites *Zurich Ins. Co. v. Logitrans, Inc.*, 297 F.3d 528, 531 (6th Cir.2002),in which the Sixth Circuit was presented with an almost identical situation as that in this case in that the wrong insurer was named as subrogee of a property owner in a

---

[1] Southern Farm Bureau does not base its motion upon any rule of the Federal Rules of Civil Procedure.

**2**

negligence action arising from damages caused by a warehouse fire. *Id.* at 530. The defendant filed a motion in limine, arguing that the insurer was not the true subrogee and that it should be barred from offering evidence at trial. *Id.* The insurer did not dispute that it was not the proper plaintiff, and moved to substitute the appropriate insurer as the real party in interest. *Id.* The appellate court upheld the district court's decision denying the motion to substitute the real party in interest on the grounds that it lacked Article III standing to hear the motion. *Id.* at 531. The court reasoned that because the plaintiff had not suffered an injury in fact, it had no standing to bring the action or make a motion to substitute the real party in interest. *Id.*

The same is true in this case. Southern Farm Bureau concedes that it is not the proper plaintiff to bring this action. Thus, it lacks standing to move to amend the Petition to substitute Louisiana Farm Bureau as plaintiff and the Court will deny its motion to amend.

2. *Sunbeam's Motion For Summary Judgment*

Sunbeam moves the Court to grant its motion for summary judgment dismissing Southern Farm Bureau's claims against it on the basis that Southern Farm Bureau has no connection whatsoever to this case and is not the proper party plaintiff. The Court agrees. Accordingly, the Court will grant Sunbeam's motion for summary judgment to dismiss Southern Farm Bureau.

3. *Louisiana Farm Bureau's Motion To Intervene*

Finally, Louisiana Farm Bureau moves to intervene in the lead case, *Heitman v. Sunbeam*. Louisiana Farm Bureau alleges it had in effect a policy of Homeowner's insurance issued to Heitman which included fire coverage ("Policy") and which resulted in payments made under said Policy for the fire damage to her home. *R. 27-4*. Louisiana Farm Bureau further alleges it is subrogated "both legally and conventionally to the rights of its insured, Katherine Heitman, to the full extent of payments made" under the Policy. *Id.*

3

Under Federal Rule of Civil Procedure 24, there are two types of intervention, intervention of right and permissive intervention.[2] A motion to intervene of right under Rule 24(a)(2) is proper when: 1) the motion to intervene is timely; (2) the potential intervener asserts an interest that is related to the property or transaction that forms the basis of the controversy in the case into which it seeks to intervene; (3) the disposition of that case may impair or impede the potential intervener's ability to protect its interest; and (4) the existing parties do not adequately represent the potential intervener's interest. *Ross v. Marshall*, 426 F.3d 745, 753 (5th Cir. 2005). "[T]he inquiry under subsection (a)(2) is a flexible one, which focuses on the particular facts and circumstances surrounding each application." *Edwards v. City of Houston*, 78 F.3d 983, 999 (5th Cir.1996) "[I]ntervention of right must be measured by a practical rather than technical yardstick." *Id.* Intervention should generally be allowed where "no one would be hurt and greater justice could be attained." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir.1994).

Sunbeam contends any intervention by Louisiana Farm Bureau is untimely. It maintains, "[t]o wait until two years after the fire before seeking leave to intervene cannot be considered timely." *R. 33*. Noting that the Court's Scheduling Order deadline to amend the pleadings was June 15, 2015 and the dispositive motion deadline was July 15, 2015, Sunbeam contends it will be prejudiced because it will be faced with an opposing party without recourse.

Whether or not an application for intervention is timely is largely committed to the discretion of the district court. *Stallworth v. Monsanto*, 558 F.2d 257, 263 (5th Cir.1977). Courts generally consider the following factors in evaluating whether a motion to intervene is timely: (1) the length of time the intervenor knew or should have known of his interest; (2)

---

[2] As Louisiana Farm Bureau has not indicated whether it is filing an intervention of right or a permissive intervention, the Court will address each.

4

prejudice to the existing parties resulting from the intervenor's failure to apply for intervention sooner; (3) prejudice to the intervenor if his application for intervention is denied; and (4) the existence of unusual circumstances. *Trans Chem. Ltd. v. China Nat'l Machinery Imp. & Exp. Corp.*, 332 F.3d 815, 822 (5th Cir.2003). "The [timeliness] analysis is contextual; absolute measures of timeliness should be ignored." *Sierra Club v. Espy*, 18 F.3d 1202, 1205 (5th Cir.1994). "[C]ourts should allow intervention where no one would be hurt and greater justice could be attained." *Id.*

The record is undisputed that Louisiana Farm Bureau did not determine it was Heitman's insurer until the 30(b)(6) deposition of Farm Bureau's Adjuster on July 7, 2015. The motion to amend was initially filed on July 9, 2015 and the motion to intervene and proposed Intervention was filed on July 30, 2015. Considering the unusual circumstances surrounding the parties' knowledge of the insurance coverage in this matter, the Court finds that the motion to intervene is timely in that Louisiana Farm Bureau applied for intervention without delay when it knew or should have known of its interest in this matter. Because the petition asserts no new substantive claims, the Court cannot fathom any cognizable prejudice to the existing parties as a result of the timing of the intervention; conversely, Louisiana Farm Bureau could suffer significant prejudice if its subrogation interest is not protected. In the event Sunbeam determines any pretrial motion is necessary, however, it may file a motion for leave to file such motion.

As to factors two through four, it must be recognized that Louisiana Farm Bureau's purpose in moving to intervene is to protect its subrogation interest. "Subrogation is the substitution of one person to the rights of another." La. Civ.Code. Ann. art. 1825 (1984). "Subrogation clauses are a common part of insurance policies issue[d] by private insurers. While it is true that subrogation has as its primary object reimbursement of the subrogee for

payments made by it, such clauses do not in and of themselves give rise to separate causes of action in favor of the subrogee and against the subrogor for reimbursement." *Johnson v. Qualawash Holdings, L.L.C.*, 990 F.Supp.2d 629, 639 (W.D.La.,2014). "Subrogation generally takes place after insurance proceeds have been paid out and the insurance company, substituting itself in place of the insured, seeks reimbursement from a third-party." *Arana v. Ochsner Health Plan*, 352 F.3d 973, 978–79 (5th Cir.2003).

Based on the petition in intervention, Louisiana Farm Bureau has a substantial and legally protectable interest sufficient to support intervention for a subrogation claim against the third-party tortfeasor of its insured. Louisiana Farm Bureau's interest in the litigation consists entirely of a right to be reimbursed for payments made. Any adverse resolution of its insured's claim would be a practical impairment to Louisiana Farm Bureau's subrogation claim. As to the last factor, Farm Bureau's subrogation interest is not adequately represented by the existing parties in the suit. Finally, the Court finds that because Louisiana Farm Bureau is aligned against Sunbeam, its interest are identified with those of plaintiff Heitman. As Louisiana Farm Bureau is a Louisiana citizen and is diverse from Sunbeam, its presence will not destroy diversity.[3] Accordingly, the Court finds the movant is entitled to intervene as a matter of right.

Rule 24 provides for permissive intervention under subdivision (b). Determining whether to grant permissive intervention is a two step process. *See Stallworth*, 558 F.2d at 269. First, as a matter of law, the court must determine whether the applicants' "claim or defense and the main action have a question of law or fact in common." Fed. R. Civ. P. 24(b). Next, the court must exercise its discretion as to whether to allow intervention. *See New Orleans*

---

[3] Louisiana Farm Bureau represents it is a Louisiana corporation, authorized to do business in the State of Louisiana, with its principal place of business in Baton Rouge, Louisiana. *R. 30.*

*Public Service, Inc. v. United Gas Pipe Line Co.*, 732 F.2d 452, 471 (5th Cir.1984) (quoting 7C Wright, A. Miller, & M. Kane, Federal Practice and Procedure § 1913, at 376–77 (2d ed. 1986).) ("Permissive intervention is wholly discretionary with the [district] court...even though there is a common question of law or fact, or the requirements of Rule 24(b) are otherwise satisfied.").

The Court finds in the alternative that Louisiana Farm Bureau satisfies the requirements for permissive intervention. Louisiana Farm Bureau alleges it has made payments and seeks reimbursement from Sunbeam, the third party tortfeasor. Louisiana Farm Bureau moves to intervene in order to protect its subrogation interest. In addition, Louisiana Farm Bureau's intervention will not delay or retard adjudication of the original parties' rights. As noted above, Louisiana Farm Bureau's intervention will not destroy subject matter jurisdiction. *See* 28 U.S.C. §§ 1332 and/or 1367. Accordingly,

**IT IS ORDERED** that the Motion For Leave To Amend filed by Southern Farm Bureau Mutual Insurance Company's [Rec. Doc. 19] is **DENIED**.

**IT IS FURTHER ORDERED** that the Motion For Summary Judgment filed by Sunbeam Products, Inc. [Rec. Doc. 22] is **GRANTED** and the Clerk of Court is to close Member action, *Southern Farm Bureau Insurance Company v. Sunbeam Products, Inc.*, 14-cv-2876.

**IT IS FURTHER ORDERED** that the Motion For Leave To Intervene filed by Louisiana Farm Bureau Mutual Insurance Company [Rec. Doc. 27] is **GRANTED** and the Clerk is to file Louisiana Farm Bureau Mutual Insurance Company's Amended Intervention [Rec. Doc. 30-2] into the record of the Lead action.

**THUS DONE AND SIGNED** this 19th day of August, 2015 at Lafayette, Louisiana.

Richard T. Haik, Sr.
United States District Judge